Núm. 8754.—Pueblo, apldo. *v.* Lugo, aplte.—C. D. Mayagüez. ▅▅▅▅▅▅▅▅▅▅▅ Junio 13, 1941.

(Por la Corte, a propuesta del Juez Asociado Sr. Travieso.)

Por cuanto, el acusado apelante fué convicto del delito de infracción a la sección 3 en relación con la 4 de la Ley núm. 25 de julio 17 de 1935, conocida por Ley de la Bolita, y condenado a pagar una multa de $200 o en su defecto a sufrir cuatro meses de cárcel.

Por cuanto, el quinto señalamiento de error que se imputa a la corte sentenciadora lee como sigue:

"5. La honorable Corte de Distrito de Mayagüez cometió error al declarar sin lugar la moción solicitando se declarara nula y sin ningún valor legal la orden de allanamiento expedida en este caso; se suprima como evidencia legal todos los efectos ocupados a virtud del registro efectuado y se ordene el archivo y sobreseimiento del caso."

POR CUANTO, de los autos ante nos aparece que la moción sobre nulidad de la orden de allanamiento y supresión de la evidencia fué radicada oportunamente y que dicha moción se basó en que al expedir la orden de allanamiento, el Juez Municipal lo único que tuvo ante sí fué una declaración jurada por dos detectives, en la que alegaban que los hechos en ella relatados "les constan por propio conocimiento y por confidencias obtenidas," sin expresar o mencionar los nombres de las personas de quienes obtuvieron tales confidencias y sin expresar los hechos que le constaban de propio conocimiento a cada uno de los declarantes;

POR CUANTO, los hechos del presente caso son idénticos a los de *El Pueblo* v. *Capriles,* resuelto en abril 28 de 1941 (ante pág. 548) en el que decidimos que siendo insuficiente la declaración jurada de los dos detectives, la orden de allanamiento expedida a virtud de ella era nula; que la evidencia a virtud de ella obtenida era ilegal; y que la corte sentenciadora erró al negarse a decretar la nulidad de la orden de allanamiento y la supresión y devolución de la evidencia;

POR CUANTO, de acuerdo con lo resuelto en *El Pueblo* v. *Capriles,* supra, debemos descartar y no tomar en consideración la evidencia ilegalmente obtenida, y descartada esa evidencia, resulta que no existe prueba alguna para sostener la sentencia recurrida;

POR LO TANTO, y tomando en consideración el allanamiento del fiscal, se revoca la sentencia que dictó la Corte de Distrito de Mayagüez en noviembre 29, 1940, y se absuelve al acusado apelante.

RECONSIDERACIONES CONCEDIDAS O DENEGADAS POR EL TRIBUNAL DURANTE EL PERÍODO QUE COMPRENDE ESTE TOMO